

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2006

# Prusky v. Aetna Life Ins

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4466

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Prusky v. Aetna Life Ins" (2006). *2006 Decisions.* Paper 1271.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1271

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 04-4466/4547

PAUL M. PRUSKY, INDIVIDUALLY AND AS TRUSTEE OF
THE WINDSOR SECURITIES, INC. PROFIT SHARING PLAN;
STEVEN G. PRUSKY, AS TRUSTEE OF THE
WINDSOR SECURITIES, INC. PROFIT SHARING PLAN,

Appellants No. 04-4466
v.

AETNA LIFE INSURANCE AND ANNUITY COMPANY;
LINCOLN NATIONAL LIFE INSURANCE COMPANY

_____

PAUL M. PRUSKY, INDIVIDUALLY AND AS TRUSTEE OF
THE WINDSOR SECURITIES, INC. PROFIT SHARING PLAN;
STEVEN G. PRUSKY, AS TRUSTEE OF THE
WINDSOR SECURITIES, INC. PROFIT SHARING PLAN,

v.

AETNA LIFE INSURANCE AND ANNUITY COMPANY;
LINCOLN NATIONAL LIFE INSURANCE COMPANY,

Appellants No. 04-4547

Appeal from the United States District Court for the Eastern District of Pennsylvania,
(Civ. No. 03-6264)
District Judge: Hon. Harvey Bartle
Argued: Tuesday, January 31, 2006

Before: MCKEE, VAN ANTWERPEN and SILER[1], Circuit Judges

_____

[1]The Honorable Eugene E. Siler, Jr., Circuit Judge for the Sixth Circuit Court of Appeals,
sitting by designation.

(Opinion filed: April 13, 2006)

Arlin M. Adams
Bruce P. Merenstein (argued)
H. Justin Park
Schnader Harrison Segal & Lewis
1600 Market street, suite 3600
Philadelphia, Pennsylvania 19103

David H. Weinstein
Kellie A. Allen
Andrea L. Wilson
Weinstein, Kitchenoff & Asher
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103

Attorney for Appellants/Cross-Appellees


C. Clark Hodgson, Jr.
Francis X. Manning (argued)
Thomas W. Dymek
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103

Attorney for Appellees/Cross Appellants

OPINION

McKEE, Circuit Judge.

Paul and Steven Prusky, individually and as trustees for the MFI Associates, Ltd.

2

Profit Sharing Plan (the "Plan"),[2] appeal the District Court's grant of partial summary judgment denying them retrospective relief for losses resulting from the breach of life insurance contracts by Aetna Life Insurance and Annuity Company and Lincoln Life Insurance and Annuity Company (the "Insurance Companies"). The Insurance Companies cross-appeal the District Court's order insofar as it grants equitable relief to Plaintiffs. For the reasons that follow, we affirm in part and reverse in part.

Inasmuch as we write primarily for the parties, we need not set forth the factual or procedural background of this litigation. We have reviewed the Memorandum and Order filed by the District Court on October 25, 2004, explaining the court's reasons for granting partial summary judgement to both parties. There, the court thoroughly explained why the Insurance Companies' breach is not excused under Pennsylvania law. We agree with the court's conclusion that the Insurance Companies' breach is not excused, and we will affirm the portion of the court's order that is the subject of the Insurance Companies' cross-appeal substantially for the reasons set forth by the District Court.[3] We will similarly affirm the court's decision to grant equitable relief to the Plan. However, as we will explain, we do not agree with the District Court's conclusion that the Plaintiffs are not entitled to retrospective damages arising from the Insurance Companies'

---

[2] For simplicity, we will use "Plaintiffs" to collectively refer to the Plan, and Paul and Steven Prusky in both their individual and fiduciary capacities.

[3] We note for background purposes that on March 20, 2006, a separate panel of this Court issued a non-precedential opinion in *Prusky v. ReliaStar Life Insurance Co.*, No. 05-1611, rejecting a virtually identical argument by ReliaStar.

3

failure to honor faxed transfer requests in the past. Accordingly, we will reverse the order denying retrospective relief.[4]

The cash value of a life insurance policy constitutes an asset owned by the Plan. The Plan can borrow against the cash value, and the cash value determines the basis for the surrender value of the policy. The District Court determined that Plaintiffs could not be compensated for diminution of the cash value because that value was sufficient to make premium payments for the next few years, and possibly for the life of the policy. The court reasoned that because it was unclear whether any additional payments would ever have to be made, and because a decrease in sale or surrender value of the policies was irrelevant absent an intent to sell or surrender the policies, damages were too speculative. However, accepting that argument would mean that an insurance company could simply confiscate the funds of a policy owner at will, so long as the policy was paid up and the owner did not have to pay any additional premiums to fund the policy.

In an analogous situation in *Windsor Secur., Inc. v. Hartford Life Ins. Co.*, 986 F.2d 655 (3d Cir. 1993), we concluded that the kind of diminution of the cash value that occurred here is compensable. In *Windsor*, we stated that policyholders would have been entitled to damages for diminution in the policies' cash value if they had mitigated the

---

[4] Our review of the District Court's grant of summary judgement is plenary. *See, e.g., Freedom Card, Inc. v. JP Morgan Chase & Co.*, 432 F.3d 463, 466 (3d Cir. 2005).

losses resulting from the insurance company's breach of contract. *Id*. at 668-69.[5] Here, it is undisputed that the Plan did attempt to mitigate damages by continuing to fax transfers to the Insurance Companies. According to the uncontradicted assertion of Plaintiffs, they also asked the Insurance Companies "to suggest other ways [they] could mitigate damages, but the Insurance Companies never responded." Appellants' Brief at 19, n.7. The strategy of continuing to fax transfer requests knowing they would not be honored created a paper trail that allows the diminution in cash value to be determined with precision. There is no need to speculate. Damages can be calculated based on the never-executed faxed instructions for transfers between sub-accounts, which instructions the Plaintiffs (and presumably the Insurance Companies) have retained. Awarding damages in the amount of the diminution of the cash value will thus restore the Plaintiffs to the position they would have been in but for the breach.

Accordingly, we will reverse the October 25, 2004, order of the District Court insofar as it denied damages, and remand the matter for further proceedings consistent with this opinion. We will affirm the District Court in all other respects.

---

[5] We realize that our statement in *Windsor* about the result that would have been appropriate if the policy holders had mitigated their losses was dicta. However, we think it is very helpful to our analysis here, and we see no reason that would warrant ignoring it here.